The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CONNOR RILEY MOUCKA,

Defendant.

NO. CR24-180 LK

**[PROPOSED] PROTECTIVE ORDER**

This matter comes before the Court on a Stipulated Motion for Protective Order. The Court GRANTS the motion and hereby enters the following order:

**<u>PROTECTIVE ORDER</u>**

**Background**

1.      Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in the above-captioned case.

2.      The discovery in this case is voluminous and includes materials and documents that contain personally identifiable information ("PII"), victim material, electronic contraband, and law enforcement sensitive material related to ongoing investigations.

Protective Order - 1
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      PII includes, but is not limited to, information such as payment card numbers, cell phone international mobile equipment identity numbers, Social Security numbers, identification card numbers, dates of birth, addresses, email addresses, passwords, bank account numbers, and personal identification numbers.

b.      Victim material includes, but is not limited to, information, files or data believed to the property of potential victims possessed by the defendant without authorization, as well as information, files, or data disclosing sensitive business materials pertaining to victims.

c.      Electronic contraband includes, but is not limited to, malware and surveillance files generated by malware, other malicious scripts, stolen account numbers and passwords, internal network information, and non-public Internet Protocol addresses of servers which contain, or which there is a reasonable basis to believe contain, any of the information, files or data related to PII, electronic contraband, or victim material.

d.      Law enforcement sensitive material includes, but is not limited to, communications, reports, and other materials that relate to ongoing investigations or ongoing matters occurring before the grand jury, any statements given by any cooperating witnesses, and documents evincing any agreement to cooperate by any such witnesses.

3.      Redacting the discovery to delete the above material would be technically difficult and time-consuming and would substantially delay the disclosure of discovery to the defendant.

**Restrictions on Use of All Materials**

4.      Access to all discovery material will be restricted to the Defense Team with the limited exceptions discussed below. "Defense Team" shall be limited to attorneys of record for the defendant in this case and any of the following people working on this matter under the supervision of the attorneys of record:  attorneys, investigators, paralegals, law clerks, testifying and consulting experts, legal assistants, and administrative staff. For purposes of this Order, "Defense Team" does not include the defendant. Defendant's attorneys shall

Protective Order - 2
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

inform any member of the Defense Team to whom disclosure of discovery material is made of the existence and terms of this Protective Order. The Defense Team shall not provide copies of any discovery material to any persons outside of the Defense Team, except as specifically set forth below.

5.	The Defense Team shall retain copies of discovery material, except as discussed below in Paragraph 7. The Defense Team shall use discovery material produced by the government only for the purpose of preparing a defense to the charges in this action and for no other purpose. The Defense Team may review discovery material with witnesses for purposes of hearing or trial preparation. The Defense Team is aware that some of the discovery material may contain malware or other pernicious files.

6.	In the event the defense seeks utilization of the discovery material in any court filing, at trial or in another hearing in this matter, the defense agrees to confer with the government to ensure that any sensitive data is redacted from the discovery prior to its use. If the defense is unable to confer with the government prior to filing any court filing, then the defense shall file the discovery material under seal and shall promptly confer with the government about any redactions that may permit prompt unsealing. Any filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and Local Criminal Rules of the United States District Court for the Western District of Washington.

7.	Defense counsel may provide discovery to the defendant, subject to the following conditions:

a.	The defendant shall use discovery material only for the purpose of assisting the Defense Team with preparing a defense to the charges in this action;

b.	The defendant may not provide copies of the discovery material to any third party and may only review the discovery material alone or in the presence of the Defense Team; and

Protective Order - 3
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.    If the defendant is detained, then the defendant shall only be permitted to review his copy of the discovery material in facilities approved by the Bureau of Prisons for this purpose, on Bureau of Prisons-approved computers, or in hard copies maintained by Bureau of Prisons staff while not in use by the defendant.

**Sensitive Protected Material**

8.    If the government determines providing any specific material to the defendant would raise serious security, operational, privacy, or other concerns, even in light of the other provisions of this Protective Order, the government may designate that material as "Sensitive Protected Material." Sensitive Protected Material will be subject to the terms of this Protective Order with the additional requirement that Sensitive Protected Material may only be possessed by the Defense Team. The Defense Team may not provide copies of the Sensitive Protected Material to any other person, including the defendant. This Order, however, does not prohibit the Defense Team from discussing or reviewing Sensitive Protected Material with the defendant or prospective witnesses.

9.    If the Defense Team disagrees with the designation of any material as "Sensitive Protected Material," it shall notify the government in writing of the disagreement, identify with particularity each document and file at issue, and state the basis for the challenge.

10.    The Defense Team, at any time after attempting to resolve the matter by agreement with the government, may apply by motion to the Court for a ruling that information designated as "Sensitive Protected Material" is not entitled to protected treatment under this Order. Any such motion must identify with particularity each document and file at issue and state the basis for the challenge.

11.    Any "Sensitive Protected Material" that is filed with the Court in connection with pretrial motions, trial, sentencing or other matters shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by the

Protective Order - 4
*United States v. Moucka*, CR24-180 LK

parties. The parties are required to comply in all respect with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**Additional Provisions**

12.     This Protective Order may be modified as necessary by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

13.     This order does not limit personnel of the U.S. Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the U.S. Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

14.     Nothing in this Order should be construed as imposing any substantive discovery obligations on the government or the defendant that is different from those imposed by case law, Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

15.     This Protective Order will cover any additional defendants in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Protective Order.

16.     The provisions of this Order shall not terminate at the conclusion of this prosecution.


SO ORDERED.

Dated:  July ___, 2025


_____
LAUREN KING
United States District Judge

Protective Order - 5
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by:


 /s/Sok Tea Jiang
SOK TEA JIANG
Assistant United States Attorney


 /s/Louisa K. Becker
LOUISA K. BECKER
Senior Counsel


 /s/George S. Brown
GEORGE S. BROWN
Trial Attorney


 /s/ Christopher Black
CHRISTOPHER BLACK
Counsel for Connor Riley Moucka

Protective Order - 6
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970