The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CONNOR RILEY MOUCKA,
    a.k.a. "Alexander Antonin Moucka,"
    a.k.a. "judische,"
    a.k.a. "catist,"
    a.k.a. "waifu,"
    a.k.a. "ellyel8,"

and

JOHN ERIN BINNS,
    a.k.a. "irdev,"
    a.k.a. "j_irdev1337,"

Defendants.

NO. CR24-180 LK

**GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION**

Noting Date: July 21, 2025

The United States respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by Section 3771(a), (b), and (c),

Motion for Alternative Victim Notification - 1
*United States v. Moucka & Binns*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

because the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

**The Crime Victims Right Act**

The Crimes Victims' Rights Act ("the Act"), codified at Title 18, United States Code, Section 3771, provides certain rights to victims in federal criminal proceedings. Among the rights the Act affords to crime victims are the rights to "reasonable, accurate, and timely notice" of public court proceedings and to be "reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a).

The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)." 18 U.S.C. § 3771(c)(1). Courts must also "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e).

Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Where a court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights" described in Section 3771(a), a court "shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2). The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

Motion for Alternative Victim Notification - 2
*United States v. Moucka & Binns*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Defendants' Schemes Have Harmed a Large Number of Victims**

The Indictment charges the defendants, Connor Riley Moucka and John Erin Binns, with conspiracy, computer fraud and abuse, extortion in relation to computer fraud, wire fraud, and aggravated identity theft, for their roles in international computer hacking and wire fraud schemes. As alleged in the Indictment, the defendants hacked into at least 10 victim organizations' protected computer systems, stole billions of sensitive customer records, threatened to leak the stolen data unless the victims paid ransoms, and offered to sell online the stolen data. The investigation to date has further revealed that closer to 165 companies were likely compromised through this series of breaches, spanning major industries, including telecommunications, banking, and healthcare.

The confirmed breaches resulted in terabytes of highly sensitive data belonging to over 100 million individuals being stolen by the defendants, including non-content call and text history records, banking and other financial information, payroll records, medical prescriber information, driver's license numbers, passport numbers, Social Security numbers, and other personally identifiable information. For example, co-conspirators transferred or caused to be transferred over 10 gigabytes of Victim-3's stolen data, to include names, email addresses, residential addresses, dates of birth, and gift card numbers belonging to millions of Victim-3's customers.

**The Court Should Approve the Government's Alternative Victim Notification Plan**

The United States is committed to providing victims with every reasonable opportunity to express their views to the Court. It is vitally important to the integrity of the prosecution process that victims know that their losses and the impact of the offense conduct are fairly considered by the Court in reaching a just resolution and a fair sentencing in this case. But the large number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a).

Motion for Alternative Victim Notification - 3
*United States v. Moucka & Binns*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Due to the multitude of victims in this case, the government proposes to notify victims through the Justice Department's website for large cases, https://justice.gov/largecases, which will host a case-specific webpage for individuals who are victims or who believe that they may be victims. The case-specific website will also contain the notices required under the Act and provide potential victims the opportunity to complete a victim impact statement to relay information about how they were victimized, thereby putting the United States in a better position to communicate directly and individually with potential victims.

Courts, including in this District, have approved similar requests. *See, e.g.*, *United States v. Braga*, CR22-169 TL, Dkt. 34 (W.D. Wash. April 2, 2025) (granting motion to permit victim notification via Justice Department's large case website in prosecution of Ponzi scheme in which thousands of investors lost money); *United States v. Potapenko & Turõgin*, CR22-185 RSL, Dkt. 109 (W.D. Wash. July 18, 2024) (granting opposed motion to permit victim notification via Justice Department's large case website in prosecution of conspiracy, wire fraud, and money laundering conspiracy in which defendants induced at least hundreds of thousands of investors to transfer hundreds of millions of dollars to defendants' companies); *United States v. Ginster*, CR22-374 JSC, Dkt. 40 (N.D. Cal. Oct. 11, 2022) (authorizing the use of government's websites for large cases to provide notice to thousands of potential victims of cryptocurrency fraud scheme); *United States v. Turchin*, CR18-303 RAJ, Dkt. 10 (W.D. Wash. July 7, 2020) (authorizing use of Justice Department's large case website in computer intrusion prosecution involving hundreds of protected computer networks); and *United States v. Iarmak*, CR19-257 RSM, Dkt. 18 (W.D. Wash. May 14, 2020) (granting motion to permit victim notification via Justice Department's large case website in prosecution of malware scheme that attacked over 100 companies in the United States).

//

//

Motion for Alternative Victim Notification - 4
*United States v. Moucka & Binns*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures.

DATED this 9th day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*/s/ Sok Tea Jiang*
SOK TEA JIANG
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970
sok.jiang@usdoj.gov

MATTHEW R. GALEOTTI
Supervisory Official, Criminal Division

*/s/ George Brown*
LOUISA K. BECKER, Senior Counsel
GEORGE BROWN, Trial Attorney
Computer Crime & Intellectual Property Section
U.S. Department of Justice
1301 New York Ave NW
Washington, D.C. 20530
(202) 514-3597
louisa.marion@usdoj.gov
george.brown@usdoj.gov

I certify that this memorandum contains 1,009 words, in compliance with the Local Criminal Rules.

Motion for Alternative Victim Notification - 5
*United States v. Moucka & Binns*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970