UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-180 LK |
| Plaintiff, | **STIPULATED MOTION TO CONTINUE TRIAL AND SET DEADLINE FOR ENTRY OF CASE MANAGEMENT ORDER** |
| v. | |
| CONNOR RILEY MOUCKA, | Noting Date: July 22, 2025 |
| Defendant. | |

The United States and Defendant Connor Riley Moucka jointly move the Court for an order continuing the trial date from August 18, 2025, to April 13, 2026, and excluding the period from the date of the Court's order through April 13, 2026, for the purpose of computing the time limitations imposed by the Speedy Trial Act, 18 U.S.C. §§ 3161-74. The parties further request that the Court set January 9, 2026, as the deadline for the parties to file pretrial motions; January 23, 2026, as the deadline for the parties to file responses; and January 30, 2026, as the deadline for the parties to file replies.

The parties further request that the Court set a deadline of September 19, 2025, for the parties to submit a proposed stipulated case management order, or for the scheduling

Stipulated Motion to Continue Trial - 1
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of a status conference if necessary to address future case management deadlines.

## BACKGROUND

In support of this motion, the parties state the following:

1. By Indictment dated October 10, 2024, a grand jury charged Mr. Moucka and a co-defendant with conspiracy, computer fraud and abuse, extortion in relation to computer fraud, wire fraud, and aggravated identity theft, for their roles in international computer hacking and wire fraud schemes. Dkt. 1. The Indictment alleges that the defendants hacked into victim organizations' protected computer systems, stole billions of sensitive customer records, threatened to leak the stolen data unless the victims paid ransoms, and offered to sell online the stolen data. *Id*.

2. Mr. Moucka made his initial appearance and was arraigned on July 3, 2025, and he pleaded not guilty to all counts. Dkt. 15. At this hearing, trial was scheduled for August 18, 2025, and pretrial motions were due by July 24, 2025. *Id.*

3. This request to continue the trial date and for additional time to negotiate a pretrial schedule is necessary and in the interests of justice for several reasons. First, the case has complicated factual elements that will lengthen the time required to prepare for trial. In particular, the 20-count Indictment charges Mr. Moucka and others with engaging in a global hacking scheme that allegedly involved compromising the computer systems of numerous organizations; stealing terabytes of highly sensitive data; and extorting the data owners for ransoms. According to the government, the investigation to date has further revealed that additional companies may have been compromised though this series of breaches, spanning several major industries, including telecommunications, banking, and healthcare. The time requested for a continuance of trial reflects this case's complexity. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

4. Second, the discovery in this case is extensive. The United States has already begun producing discovery in this matter and anticipates making an additional production of at least 150 gigabytes of data next week. The United States expects that

Stipulated Motion to Continue Trial - 2
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

discovery in this case will consists of terabytes of data, including from tens of devices and accounts searched and seized in connection with this investigation. Consequently, the defense requires adequate time to investigate the information disclosed, and that which will be disclosed, as well as to investigate factual and legal issues presented. Neither the discovery process nor the review and understanding of the discovery by the defense, taking into account the exercise of due diligence, can be completed by the current deadlines. Under these circumstances, the additional time requested will allow adequate preparation and avoid a miscarriage of justice. 18 U.S.C. §§ 3161(h)(7)(B)(i) & (B)(ii).

5.      Also related to the complexity of the case and volume of discovery is the need for adequate time for defense counsel to fully and adequately review the discovery with Mr. Moucka, as well as any factual and legal issues presented, and sentencing consequences, so Mr. Moucka can make an informed and intelligent decision of how to proceed. The parties agree that it is unreasonable to expect adequate preparation or representation for pretrial proceedings or for the trial itself under the present schedule that has trial beginning in less than two months. 18 U.S.C §§ 3161(h)(7)(B)(i) & (B)(iv).

6.      Mr. Moucka understands and joins in this request, and has signed a waiver of his rights to a speedy trial in order to facilitate his attorney's preparation of his case. Mr. Moucka acknowledges that by signing the speedy trial waiver, he is waiving his rights under the Sixth Amendment and the Speedy Trial Act, and is agreeing that the period from the date of the Court's order continuing his trial until April 13, 2026, shall be an excludable period of time, pursuant to 18 U.S.C. § 3161(h)(7)(A). Mr. Moucka explicitly waives his rights to a speedy trial through April 13, 2026.

7.      Because of the length of continuance sought by this motion, and the complexity of the matter, the parties agree that this Court should enter a case management order that sets deadlines for the filing of responsive pleadings, discovery disclosures, and other similar pretrial matters. Because defense counsel is still in the initial stages of discovery review, the parties have agreed to work cooperatively in an

Stipulated Motion to Continue Trial - 3
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

effort to agree on a stipulated case management order by September 19, 2025. If the parties are not able to agree on such an order by that date, the parties will ask to set a status conference to address case scheduling deadlines. For all these reasons, the parties agree that the interests of justice are served through the continuance of the trial and the proposed date for entry of a case management order or the setting of a status conference.

//

//

//

Stipulated Motion to Continue Trial - 4
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

Based on the foregoing, the parties jointly request that the Court grant the motion to continue trial and set a deadline for the entry of a case management order.

DATED this 22nd day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*/s/Sok Tea Jiang*
SOK TEA JIANG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970
sok.jiang@usdoj.gov


MATTHEW R. GALEOTTI
Acting Assistant Attorney General

*/s/Louisa K. Becker*
*/s/George S. Brown*
LOUISA K. BECKER, Senior Counsel
GEORGE S. BROWN, Trial Attorney
Computer Crime and Intellectual Property
Section
U.S. Department of Justice, Criminal Division
1301 New York Avenue NW Suite 600
Washington, D.C. 20530
(202) 514-3597
louisa.marion@usdoj.gov
george.brown@usdoj.gov


*With email approval:*

*/s/Christopher Black*
CHRISTOPHER BLACK
Black & Askerov, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
(206) 623-1604
chris@blacklawseattle.com
Attorney for Defendant Connor Riley Moucka

Stipulated Motion to Continue Trial - 5
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970